**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James L Ford, | No. CV-19-00036-TUC-RM |
| Petitioner, | **ORDER** |
| v. | |
| B. Von Blanckensee, | |
| Respondent. | |

On January 24, 2019, Petitioner James L. Ford filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). (Doc. 1.)[1] After being granted an extension of time to respond to the Petition (Doc. 12), Respondents filed an Answer on August 15, 2019 (Doc. 14). On August 5, 2019, Petitioner filed a Motion for Reconsideration of the Order granting Respondents an extension of time to answer (Doc. 13), and on August 22, 2019, he filed a Motion to Stay Proceedings (Doc. 15). On November 7, 2019, Magistrate Judge Eric J. Markovich filed a Report and Recommendation (Doc. 17), recommending that this Court deny the Petition on ripeness grounds, without prejudice and with leave to re-file; deny Petitioner's Motion for Reconsideration as moot; and deny Petitioner's Motion to Stay Proceedings. Petitioner filed an Objection on December 2, 2019. (Doc. 18.) Respondents did not respond to Petitioner's Objection.

---

[1] All record citations refer to the docket in CV 19-36-TUC-RM, unless otherwise indicated, and refer to the page numbers generated by the Court's electronic filing system.

I. **Standard of Review**

A district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The advisory committee's notes to Rule 72(b) of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge. Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation).

II. **Discussion**

On November 28, 2018, Judge Cindy K. Jorgenson held a sentencing hearing in *United States of America v. James Lamar Ford, Jr.*, CR 18-261-CKJ (LAB) and a final disposition hearing in *United States of America v. James Lamar Ford, Jr.*, CR 16-355-CKJ (LAB). In CR 18-261, Judge Jorgenson sentenced Petitioner to a 24-month term of imprisonment, with credit for time served. (Doc. 40 in CR 18-261.) In CR 16-335, Judge Jorgenson sentenced Petitioner to a 12-month term of imprisonment, to run consecutive to the sentence in CR 18-261. (Docs. 102, 111 in CR 16-335.) The Judgment issued in 16-335 originally specified that Petitioner was to receive credit for time served (Doc. 102 in CR 16-335); however, Judge Jorgenson later granted a Motion to Correct Judgment filed by the Government (*see* Docs. 106, 108 in CR 16-335) and issued an Amended Judgment reflecting no credit for time served as to the revocation of supervised release in CR 16-335 (Doc. 111 in CR 16-335). Petitioner appealed Judge Jorgenson's Order granting the Government's Motion to Correct Judgment in CR 16-335, and the appeal is currently pending in the Ninth Circuit Court of Appeals. (Docs. 109, 110 in CR 16-335.)

In the Petition filed in the above-captioned civil case, Petitioner asserts that the Federal Bureau of Prisons miscalculated his release date by failing to give him credit for time served on both the sentence in CR 18-261 and the consecutive sentence in CR 16-335. (Doc. 1.) In his Report and Recommendation, Judge Markovich found that Petitioner's claims in the Petition are not ripe because the Ninth Circuit Court of Appeals has not issued a decision on Petitioner's appeal in CR 16-335. (Doc. 17 at 4-5.) Accordingly, Judge Markovich recommends that this Court deny the Petition without prejudice and with leave to re-file. (*Id.* at 5.)

In his Objection, Petitioner specifically notes that he does not object to Judge Markovich's recommendation that his Petition be dismissed without prejudice and with leave to re-file. (Doc. 18 at 2.) However, Petitioner asks this Court to recognize that Petitioner exhausted administrative remedies so that "in the event refiling becomes necessary, this issue will not impede the progress" of the case. (*Id.*)

Judge Markovich's Report and Recommendation does not make any findings regarding exhaustion of administrative remedies, and any such findings would be premature in light of Judge Markovich's unobjected-to finding that the Petition is not ripe for review. Accordingly, Petitioner's Objection will be overruled to the extent it asks this Court to make any findings regarding exhaustion of administrative remedies.

As Petitioner does not object to Judge Markovich's finding that the Petition should be dismissed without prejudice and with leave to re-file on ripeness grounds, the Court has reviewed that finding for clear error, and has found none. Accordingly, the Report and Recommendation will be adopted, the Petition will be dismissed without prejudice and with leave to re-file, Petitioner's Motion for Reconsideration will be denied as moot, and Petitioner's Motion to Stay Proceedings will be denied.

**IT IS ORDERED** that Petitioner's Objection (Doc. 18) to Judge Markovich's Report and Recommendation is **overruled**.

**IT IS FURTHER ORDERED** that Judge Markovich's Report and Recommendation (Doc. 17) is **accepted and adopted**.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) is **denied without prejudice and with leave to re-file**. The Clerk of Court is directed to enter judgment accordingly and close this case.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Reconsideration (Doc. 13) is **denied as moot**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Stay Proceedings (Doc. 15) is **denied**.

Dated this 10th day of January, 2020.

Honorable Rosemary Márquez
United States District Judge